

FILED

OCT 29 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ROBERT MILES,<br><br>  Petitioner,<br><br>v.<br><br>R. T. C. GROUNDS, Warden,<br><br>  Respondent. | No. C 14-02807 BLF (PR)<br><br>**ORDER TO SHOW CAUSE; GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*** <br><br>(Docket Nos. 3 & 4) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has filed a motion for leave to proceed *in forma pauperis*. (Docket No. 4.)

**BACKGROUND**

According to the petition, Petitioner was found guilty of murder with the use of a firearm for the benefit of a gang, felon in possession of a firearm for the benefit of a gang, and street terrorism in Contra Costa County Superior Court. (Pet. at 2.) Petitioner was sentenced to 58 years and eight months to life in state prison. (*Ibid.*)

Petitioner appealed his conviction, and the state appellate court affirmed. (Pet. at 3.) The state high court denied review. (*Ibid.*)

Order to Show Cause; Granting IFP
P:\PRO-SE\BLF\HC.14\2807Miles_osc&ifp.wpd

Petitioner filed the instant federal habeas petition on June 17, 2014.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id. § 2243*.

### B. Legal Claims

Petitioner claims the following as grounds for federal habeas relief: (1) the trial court erred in admitting an out-of-court statement into evidence in violation of Petitioner's right to confrontation; (2) the trial court erred in instructing the jury under CALCRIM No. 1403, violating due process; and (3) the trial court erred in allowing the "gang expert" to state an opinion as to Petitioner's intent, violating due process. Liberally construed, these claims are cognizable under § 2254 and merits an answer from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's motion for leave to proceed *in forma pauperis*, (Docket No. 4), is GRANTED. Docket No. 4 is DENIED as moot.

2. The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

This order terminates Docket Nos. 3 and 4.

**IT IS SO ORDERED.**

DATED: 10-29-2014

BETH LABSON FREEMAN
United States District Judge